IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **JERMON WILLIAMS, # 310157,** | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  Case No. 14-cv-313-JPG |
| | ) |
| **METRO TOWING,** | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, who is currently being held at St. Clair County Jail, filed a complaint on March 10, 2014 alleging that Defendant Metro Towing had violated Plaintiff's Fourth Amendment right by allowing law enforcement to search Plaintiff's property without Plaintiff's permission or a warrant. Plaintiff's complaint states that he is seeking damages pursuant to 42 U.S.C. § 1983 and the Federal Tort Claims Act, 28 U.S.C. §§ 2671-2680 ("FTCA").

The complaint (Doc. 1) comes now before the Court for a preliminary review pursuant to 28 U.S.C. § 1915A. Under § 1915A, the Court is required to promptly screen inmate complaints to filter out nonmeritorious claims. 28 U.S.C. § 1915A(a). The Court is required to dismiss any portion of the complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief. 28 U.S.C. § 1915A(b). Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint. After fully considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject to summary dismissal.

An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 590 U.S. 544, 570 (2007).  A complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009).  Additionally, courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*.

In order to sufficiently state a claim under § 1983, "a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988).  Plaintiff makes no allegation that Defendant Metro Towing was a state actor or was acting under color of state law.  Plaintiff merely alleges that Defendant violated his Fourth Amendment rights by "letting law enforcement officers search my property without my permission are (sic) without warrant."  (Doc. 1, p. 1).  A plaintiff cannot proceed with a federal claim under § 1983 against a non-state actor.  *See Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999); *Gayman v. Principal Fin. Servs., Inc.,* 311 F.3d 851, 852-53 (7th Cir. 2003).  *See also West v. Atkins*, 487 U.S. 42, 48-49 (1988) ("The traditional definition of acting under color of state law requires that the defendant in a § 1983 action have exercised power 'possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law.'") (citing *United States v. Classic*, 313 U.S. 299, 326 (1941)).  Therefore, Plaintiff's § 1983 claim against Defendant Metro Towing is **DISMISSED** with prejudice.

As for Plaintiff's claim that this action arises under the Federal Tort Claims Act, in an action under the FTCA, the United States of America is the only proper defendant. *See* 28 U.S.C. § 2679(b); *FDIC v. Meyer*, 510 U.S. 471 (1994). Plaintiff has not named the United States as a defendant nor has he alleged any facts supporting a claim against the federal government. This claim will also be **DISMISSED** with prejudice.

**Pending Motion**

Plaintiff's motion for leave to proceed *in forma pauperis* (Doc. 3) is **PENDING** and shall be addressed by the Court in a separate order.

**Disposition**

For the reasons stated above, this action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted. Defendant **METRO TOWING** is likewise **DISMISSED** from this action **with prejudice**.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike." A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED: April 2, 2014**

*s/ J. Phil Gilbert*
United States District Judge
